UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC POYNTER, | : | Case No. 1:20-cv-247 |
|     Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| RUSHMORE LOAN MANAGEMENT | : | |
| SERVICES, LLC, et al., | : | |
|     Defendants. | : | |

## ORDER DENYING DEFENDANTS' UNOPPOSED MOTION
## TO FILE DOCUMENTS UNDER SEAL

This case is before the Court on an unopposed motion by Defendants Rushmore Loan Management Services LLC ("Rushmore") and RMAC Trust, Series 2016-CTT ("RMAC," collectively with Rushmore, "Defendants") to file the unredacted deposition transcript of Eric Poynter, and Exhibit 14 from Mr. Poynter's deposition, under seal.

### I.  BACKGROUND

This case follows a series of lawsuits between Plaintiff Eric Poynter and the entities holding and servicing his mortgage. The full facts are not necessary for this Order. In sum, Plaintiff alleges that Defendants failed to properly apply his monthly mortgage payments and therefore charged him undue fees in breach of a loan modification agreement and federal laws. (Doc. 1). Defendants have now filed a motion for summary judgment (Doc. 33) that depends, in part, on the provisions of a settlement agreement Plaintiff executed with his loan's prior owner, OWS REMIC Trust 2013-1 ("OWS"), and prior servicer, Selene Finance LP ("Selene"); and testimony from Plaintiff's deposition

1

about the same settlement agreement. Defendants assert that the prior settlement agreement released assignees and successors of OWS and Selene, which would include Defendants in this case. (Doc. 33-1, ¶ 31-32). That settlement agreement contained a confidentiality provision. To support their motion for summary judgment, Defendants now seek permission to file the unredacted settlement agreement and deposition transcript under seal. Plaintiff has consented to the motion. (Doc. 36 at 1).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id*. "[V]ery different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id*. Accordingly, the

2

courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305–06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation

3

to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). Failure to adequately explain the Court's reasons—including why the interests supporting nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Defendants seek to file under seal Plaintiff's prior settlement agreement with Selene and OWS, and an unredacted transcript of Plaintiff's deposition testimony which refers to provisions of the settlement agreement. (Doc. 36 at 1). A redacted version of the deposition testimony is already on the record. (Doc. 35). The settlement agreement, which was Exhibit 14 to the deposition, is withheld in full. (Doc. 35-14). The Court has not seen it. Defendants' sole argument for sealing these documents is that the agreement "contains express confidentiality restrictions and should not be publicly available pursuant to the document's terms." (Doc. 36 at 1). That is not enough. A "confidentiality agreement between the parties does not bind the court in any way." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Nor is it, without more, a "compelling" reason to seal the document. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).

Defendants have presented no argument about the degree of the public's interest in accessing the settlement agreement. And, without more details about the settlement, the Court cannot conclude that the public's interest in access to the settlement agreement would be minimal. Defendants have provided only an excerpt from the agreement apparently releasing Selene and OWS "any and all of their assignees, … successors, … as well as the current and prior (owner(s) and/or holder(s) of the Loan, any and all servicers, subservicers, … and all other persons or entities with any past, present or future legal interest in, ownership of, sale of, purchase of, assignment of the Loan[.]" (Doc. 33 at 7). But the Court, and therefore the public, is not aware of the full time period those releases cover, nor what consideration was exchanged for them. If the Court decides that the quoted language *does* preclude Plaintiff's claims, the public would be deprived, without good cause, of the full context of that decision.

### IV. CONCLUSION

For the foregoing reasons, Defendants' unopposed motion to file under seal is **DENIED WITHOUT PREJUDICE** to Defendants' right to file an amended motion, consistent with the considerations in this Order, within 10 days.

**IT IS SO ORDERED.**

Date:  2/1/2022               *s/Timothy S. Black*
                              Timothy S. Black
                              United States District Judge